### FRANK v. LOCKHART.

(Supreme Court, Appellate Term. February 25, 1901.)

PAYMENT—APPLICATION.
     Where plaintiff sold defendant goods on an understanding that she would pay a debt owing by her husband, it was proper for plaintiff, when defendant thereafter made payments on account, to credit the payments on the indebtedness of the husband.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Abraham Frank against Berson Lockhart. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

G. L. F. Rohan, for appellant.
T. A. McCarthy, for respondent.

BLANCHARD, J. This action was brought to recover the sum of $70.10, balance due on account for goods sold and delivered. It appears that the account in question was opened by defendant's husband and continued by him for some time; and about this 1st day of February, 1900, he ceased to do business, owing plaintiff the sum of $141.60. On the 13th day of February following the defendant began business on her own account, practically continuing the business formerly carried on by her husband. She applied to the plaintiff for goods, and he sold them to her upon the understanding that she would pay the balance owing by her husband. He sold her on two weeks' credit, and her first payment fell due on February 27th. The plaintiff testifies—and it seems to be borne out by the evidence in the case—that the defendant did pay him $120 before the first payment on her own account fell due. An open account between the parties continued for several months thereafter. When the defendant subsequently paid moneys on account, the plaintiff appropriated them to the payment of that portion of the account which had stood longest, and in that way the indebtedness of the husband was all paid; and this action was brought to recover the balance due for goods bought by the defendant for use in her own business.

The sum claimed was fairly due, and as the disputed questions of fact were decided by the trial court in favor of the plaintiff, it follows that the judgment should be affirmed, with costs. All concur.